UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARBELLA TOWER URBAN RENEWAL ASSOCIATES SOUTH, LLC,<br><br>                    Plaintiff,<br>      v.<br><br>BSH HOME APPLIANCES CORPORATION,<br><br>                    Defendant.<br><br>BSH HOME APPLIANCES CORPORATION,<br><br>                  Defendant/Third-Party Plaintiff,<br>      v.<br><br>F&G MECHANICAL CORPORATION,<br><br>                  Third-Party Defendant. | **OPINION & ORDER**<br><br>Civ. No. 17-12248 (WHW)(CLW) |

**Walls, Senior District Judge**

Third-Party Defendant F&G Mechanical Corporation ("F&G") moves for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as to Count One of the Third-Party Complaint filed by Defendant/Third-Party Plaintiff BSH Home Appliances Corporation ("BSH"). ECF No. 29. BSH does not object to F&G's motion. ECF No. 30. The motion is granted.

**BACKGROUND**

This case concerns accidents whereby washing machine hoses allegedly separated from supply faucets in an apartment building, causing leaks that resulted in extensive property damage. ECF No. 1-1 (Complaint). The Plaintiff is a corporate entity that owns the high-rise apartment building in Jersey City, New Jersey where the incidents took place. *Id.* Plaintiff

1

originally sued Defendant BSH, who they state supplied and distributed the washing machines that allegedly malfunctioned. *Id.* On April 19, 2018, BSH filed a third-party complaint against F&G, alleging that F&G installed the washing machines and thus should be liable for indemnification and/or contribution. ECF No. 11. On February 22, 2019, F&G moved for judgment on the pleadings as to Count One of the third-party complaint. ECF No. 29. BSH did not respond to the motion, but in a letter to the Court stated that it has "no objection" to it being granted. ECF No. 30.

## STANDARD OF REVIEW

A motion under Rule 12(c) is decided under the same standards applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

Judgment on the pleadings "will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman v. Corbett*, 873 F.3d 414, 417-18 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 2623 (2018).

A plaintiff "may not secure a judgment on the pleadings when the [defendant's] answer raises issues of fact that, if proved, would defeat recovery." Wright & Miller, *Fed. Prac. & Proc.* § 1368 (3d ed. 2018). Similarly, a defendant's Rule 12(c) motion must be denied "if there are allegations in the plaintiff's pleadings that, if proved, would permit recovery on his claim." *Id.*

## DISCUSSION

F&G contends that judgment on the pleadings is warranted because in order to recover under indemnification, "BSH must show that its liability is imputed, vicarious or constructive and that it is without personal fault for the accident." Mot. Br. (ECF No. 29-1) at 7. This is a correct recitation of New Jersey law. *See Encompass Ins. Co. v. Quincy Mut. Fire Ins. Co.*, No. A-3000-12T4, 2014 WL 5880143, at *6 (N.J. Super. Ct. App. Div. Nov. 14, 2014). Since BSH will either (1) prevail against the Plaintiff or (2) be found to have manufactured a deceptive or dangerous product or be in breach of warranty, F&G reasons that it cannot be liable to BSH under a theory of indemnification. BSH, perhaps realizing this conundrum, informed the Court it does not object to Count One being dismissed. Because BSH would not simply be "merely...technical[ly] liable" and "without personal fault," *Adler's Quality Bakery, Inc. v. Gaseteria, Inc.*, 32 N.J. 55, 80 (1960), if it were to lose its underlying case, its indemnification claim against F&G necessarily fails.

## CONCLUSION

It is hereby ORDERED that judgment on the pleadings in accordance with Fed. R. Civ. P. 12(c) is entered into on behalf of Third-Party Defendant F&G Mechanical Corporation as to Count One of the Third-Party Complaint against it. Count One is dismissed with prejudice.

DATE: 30 March 2019

William H. Walls
Senior United States District Court Judge